Penny L Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
480-833-1001
pkoepke@hoalaw.biz

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **DEBORAH SCHICK**, individually and on behalf of all others similarly situated, <br><br> v. <br><br> **AMERICAN ADVISOR GROUP, INC.**, a California corporation, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Deborah Schick ("Schick" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant American Advisor Group, Inc. ("AAG" or "Defendant") to (1) stop its practice of placing calls using an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their

prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant AAG is a California corporation that engages in the practice of manufacturing and offering financing options including reverse mortgages to homeowners.

2. A reverse mortgage is a mortgage loan, usually secured by residential property, that enables the borrower to access the unencumbered value of the property.

3. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and generate leads for services, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded phone calls to consumers' phones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

4. By making the prerecorded and autodialed calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes: (1) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (2) wear and tear on their telephones, (3) loss of battery life, (4) loss of value realized for the monies consumers paid to their carriers for receipt of such calls, and (5) the diminished use, enjoyment, value and utility of their telephone plans. Furthermore, Defendant

made the calls knowing they interfered with Plaintiff and other Class members' use and enjoyment of, and the ability to access their phones including the related data, apps, software, and hardware components.

5. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff brings this action seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent that is required by the TCPA, as well as an award of statutory damages to the members of the Class under the TCPA, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Deborah Schick is a natural person and resident of Scottsdale, Arizona.

7. Defendant American Advisor Group, AAG, is a corporation organized and existing under the laws of California with its headquarters located at 3800 W. Chapman Avenue, Orange, California 92868. On information and belief, AAG officers and directors exert operational control over their call centers and control the business strategy and daily operations of AAG, including AAG's sales, marketing strategy, and unlawful telemarketing activities.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

CLASS ACTION COMPLAINT
-3-

9. This Court has personal jurisdiction over AAG because, on information and belief, it has solicited and entered into business contracts in this District, and it made the calls at issue in this case and directed such calls to cellphone owners in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed to persons residing, at least in part, in this District. Additionally, Defendant markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this district.

## COMMON FACTUAL ALLEGATIONS

11. Defendant is a company that offers financing options for homeowners, including reverse mortgages.

12. In recent years, AAG and other similar companies have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is one of the primary methods by which the Defendant recruits new customers.

13. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires *"prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded telemarketing calls to residential telephone numbers.

15. In placing the calls that form the basis of this Complaint, Defendant AAG utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity

to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

16. Defendant also utilized prerecorded voice or voice message when making the calls.

17. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' residential telephones through its own efforts and its agents. All calls were made on behalf of, and for the benefit of the Defendant.

18. Defendant AAG knowingly made (and continues to make) unsolicited telemarking calls without the prior express written consent of all call recipients. In so doing, Defendant not only invaded the personal privacy of the Plaintiff and members of the putative Class, but Defendant also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO DEBORAH SCHICK

19. On September 28, 2019, Plaintiff answered a telephone call placed to Plaintiff's cellphone (with a number ending in 6443) from (925) 901-8114, and was greeted by a pre-recorded avatar voice. The avatar, calling itself "James", asked how much Plaintiff paid on her mortgage, the amount remaining on the mortgage, and if she was over the age of 62. Plaintiff responded to all of the questions by answering: (1) she paid $2,000 per month on her mortgage, (2) $400,000 remaining on her mortgage, and (3) yes, she was over 62.

20. To test whether the voice was a live person or avatar, Plaintiff asked twice what number Defendant dialed to reach Plaintiff, and never received an answer. After the avatar requested to have a callback with an advisor Plaintiff responded with "no". The avatar then asked if it could send an email, after which is subsequently hung up. Telephone call lasted approximately 3 minutes.

21. On October 2, 2019, Plaintiff received a telephone call from (925) 738-1718 to the same cellular telephone number as the September 28, 2019 call, and spoke with a Kevin Jones from AAG. During the call, Jones said he could not transfer Plaintiff to anyone else at the moment, and the telephone call was disconnect.

22. On October 9, 2019 at 8:23am, Plaintiff received a phone call from (925) 901-8114 and was greeted by the same pre-recorded avatar voice as the September 28th call. This call mimicked the initial call on September 28, 2019. The avatar asked the same questions regarding current monthly mortgage payments, Plaintiff's age, and remaining balance on the mortgage. To check whether the voice was live or not, Plaintiff asked what number James dialed to reach her again (twice), and as before received no response. After rejecting a callback with an advisor, Plaintiff was hung up on once again. This call lasted approximately 3 minutes.

23. On October 9, 2019 at 9:46am, Plaintiff received an autodialed telephone call from (925) 695-2688 from a live person named Gabriel. Gabriel asked if he was speaking with "Lee Schick", which Plaintiff responded "no, this is Debbie." Plaintiff requested how Gabriel received her number or dialed her number and said she thought that she had been autodialed. Gabriel subsequently, transferred Plaintiff to a licensed agent named Velia. Velia asked Plaintiff if she had received relevant information regarding the process of loans and reverse mortgages. Velia also verified that Plaintiff owed $400,000 on her remaining

mortgage, relating back to the first avatar call, which was the only call Plaintiff mentioned the $400,000 remaining on the mortgage. Plaintiff asked for an email from Velia regarding the reverse mortgages so she may show her husband. Defendant obliged and sent an email addressed to Mrs. Lee. This telephone conversation lasted approximately 18 minutes.

24. Plaintiff has never provided her prior express written consent for Defendant to call her using an autodialer or a pre-recorded voice.

25. By making unauthorized prerecorded and autodialed calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, and caused wear and tear to the phone's hardware (including the phone's battery). In the present case, a consumer could be subjected to many unsolicited calls as the Defendant ignores the requirement of prior express written consent.

26. In order to redress these injuries, Plaintiff on behalf of herself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*

27. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

**Autodialed No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

29.   The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

30. **Numerosity**: The exact size of the Classes unknown and not available to Plaintiff at this time, but it clear that individual joinder is impracticable. On information and belief, Defendant made prerecorded calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

   a. Whether Defendant's conduct constitutes a violation of the TCPA;
   b. Whether Defendant made calls (or had calls made on its behalf or for its benefit) using a prerecorded voice or recorded messages;
   c. Whether Defendant made calls using an automatic telephone dialing system ("ATDS")
   d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and
   e. Whether Defendant obtained prior express consent to contact any class members using a prerecorded voice and/or ATDS.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
## Telephone Consumer Protection Act
## (Violation of 47 U.S.C. § 227)
## (On behalf of Plaintiff and the Prerecorded No Consent Class)

34. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35. Defendant made prerecorded calls to residential telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

36. Defendant made the prerecorded calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential

number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

37. By making the prerecorded calls to Plaintiff and the residential telephones of members of the Prerecorded No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. The calls were for telemarketing purposes and announced the commercial availability of Defendant's hearing aid goods and services.

39. Neither Plaintiff nor any other member of the proposed Class had any established business relationship with either Defendant.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

41. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed Class)

1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

2. Defendant made or caused to be made calls to Plaintiff's and the other

Autodialed Class Members' cellphones.

3. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

4. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Defendant's products and services.

5. Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of Defendant.

6. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Autodialed Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Autodialed Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

7. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

8. Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Deborah Schick, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Deborah Schick as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and Class Members;

3. Treble damages in case willful or knowing violations are proven

4. An order declaring that Defendant's actions, as set out above, violate the TCPA,

5. An injunction requiring Defendant to cease all unsolicited prerecorded calling and autodialing activities, and otherwise protecting the interests of the Classes;

6. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7. An award of pre- and post-judgment interest; and

8. Such other further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be tried.

Respectfully Submitted,

**Deborah Schick**, individually and on behalf of a Class of similarly situated individuals

Dated: November 14, 2019          By:  /s/ 

                                     One of Plaintiff's Attorneys

Penny L Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
480-833-1001
pkoepke@hoalaw.biz

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*

*\* Pro Hac Vice Admission to Be Sought*