Marvin C. Ruth (024220)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 224-0999
F: (602) 224-6020
mruth@cblawyers.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>American Advisor Group, Inc., a California corporation,<br><br>  Defendant. | No. 2:19-cv-05626-SPL<br><br>**DEFENDANT AMERICAN ADVISORS GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant American Advisors Group ("AAG"), by and through its undersigned counsel, answers the Class Action Complaint of Plaintiff Deborah Schick ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1. AAG admits that it is a California corporation and that it originates mortgage loans for consumers. To the extent not expressly admitted, denied.

2. The allegations in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

3. The allegations in Paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

4. The allegations in Paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

5. The allegations in Paragraph 5 of the Complaint contain conclusions of law

{00477090.1 }

to which no response is required. To the extent that a response is required, AAG states that the TCPA speaks for itself. To the extent that Plaintiff's allegations are contrary to law, the allegations are denied.

## PARTIES

6. AAG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6. To the extent that a response is required, denied.

7. AAG admits that it is a California corporation with a principal place of business in Orange, California. To the extent not expressly admitted, denied.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

9. AAG admits that it conducts business in this district. To the extent not expressly admitted, denied.

10. AAG admits that it conducts business in this district. AAG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10. To the extent that a response is required, denied.

## COMMON FACTUAL ALLEGATIONS

11. AAG admits that it originates mortgage loans for consumers. To the extent not expressly admitted, denied.

12. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning "other similar companies." To the extent that a response is required, denied. AAG also denies the remainder of the allegations in Paragraph 12.

13. The allegations in Paragraph 13 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, AAG states that the FCC's rules and regulations speak for themselves. To the extent that Plaintiff's allegations are contrary to law, the allegations are denied.

14. AAG denies the allegations in Paragraph 14 of the Complaint.

15. AAG denies the allegations in Paragraph 15 of the Complaint.

16. AAG denies the allegations in Paragraph 16 of the Complaint.

17. AAG denies the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

## **FACTS SPECIFIC TO DEBORAH SCHICK**

19. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19. To the extent that a response is required, denied.

20. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20. To the extent that a response is required, denied.

21. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21. To the extent that a response is required, denied.

22. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22. To the extent that a response is required, denied.

23. AAG admits that Velia with American Advisors Group spoke with Plaintiff on October 9, 2019. To the extent not expressly admitted, denied.

24. The allegations in Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

25. The allegations in Paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, denied.

26. AAG admits that Plaintiff purports to bring this lawsuit as a putative class action. To the extent not expressly admitted, denied.

27. AAG denies the allegations contained in Paragraph 27, except AAG admits that Plaintiff purports to bring this as a putative class action. AAG denies that it

has violated the TCPA and/or any regulations promulgated thereunder, and denies that Plaintiff is entitled to any relief.

## CLASS ACTION ALLEGATIONS

28. AAG admits that Plaintiff purports to bring this lawsuit as a putative class action and represent these classes. To the extent not expressly admitted, denied.

29. AAG denies the allegations in Paragraph 29 of the Complaint.

30. AAG denies the allegations in Paragraph 30 of the Complaint.

31. AAG denies the allegations in Paragraph 31 of the Complaint.

32. AAG denies the allegations in Paragraph 32 of the Complaint.

33. AAG denies the allegations in Paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION

34. AAG incorporates by reference its responses to Paragraphs 1 through 33 as though fully repeated herein.

35. The allegations in Paragraph 35 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

36. The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

37. The allegations in Paragraph 37 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

38. AAG denies the allegations in Paragraph 38 of the Complaint.

39. AAG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 to the extent they refer to "either Defendant." AAG denies the remainder of the allegations.

40. The allegations in Paragraph 40 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary

1  to law, denied.

2  41. The allegations in Paragraph 41 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

## SECOND CAUSE OF ACTION

1. [sic]  AAG incorporates by reference its responses to Paragraphs 1 through 41 as though fully repeated herein.

2. [sic]  The allegations in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

3. [sic]  AAG denies the allegations in Paragraph 3 of the Complaint.

4. [sic]  AAG denies the allegations in Paragraph 4 of the Complaint.

5. [sic]  The allegations in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

6. [sic]  AAG denies the allegations in Paragraph 6 of the Complaint.

7. [sic]  The allegations in Paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent Plaintiff's allegations are contrary to law, denied.

8. [sic]  AAG denies the allegations in Paragraph 8 of the Complaint.

## PRAYER FOR RELIEF

AAG denies each and every allegation set forth in the Prayer for Relief, including the "Wherefore" clause and subparagraphs (1) through (8) thereto, and denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff's jury demand is a legal conclusion to which no answer is required and is accordingly denied.

## AFFIRMATIVE AND OTHER DEFENSES

AAG, in the alternative and without prejudice to the denials and other statements made in its Answer to Plaintiff's Complaint, for its Affirmative and Other Defenses, states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint and the causes of action therein are barred to the extent that Plaintiff and/or any putative class member provided AAG, or any third party not named in the Complaint, with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

### THIRD DEFENSE

AAG is not liable to Plaintiff or members of any purported class because AAG did not use an "Automatic Telephone Dialing System" as defined under 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

### FOURTH DEFENSE

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

### FIFTH DEFENSE

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by plaintiffs in other lawsuits, subjecting Plaintiff to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendment to the United States Constitution.

### SIXTH DEFENSE

The statutory penalties sought by Plaintiff and members of any putative class are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

### SEVENTH DEFENSE

The TCPA and its implementing regulations violate the First Amendment of the U.S. Constitution on its face and as applied.

### EIGHTH DEFENSE

Plaintiff and members of any putative class have not suffered any concrete injury and thus lack standing to assert TCPA claims against AAG.

### NINTH DEFENSE

Plaintiff and members of any putative class are not within the "zone of interests" protected by the TCPA and thus lack statutory standing to assert such claims against AAG.

### TENTH DEFENSE

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom AAG has no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

### ELEVENTH DEFENSE

AAG is not liable to Plaintiff or members of any purported class because AAG acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### TWELFTH DEFENSE

Any conduct by AAG that Plaintiff alleges to have violated the TCPA was reasonable and justified under the circumstances.

### THIRTEENTH DEFENSE

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or are also barred by the doctrine of estoppel.

**FOURTEENTH DEFENSE**

Any damage, loss, or liability sustained by Plaintiff or members of any purported class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than AAG, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

**FIFTEENTH DEFENSE**

Plaintiff is precluded from any recovery from AAG for a willing and knowing violation of the TCPA because any such violation, which AAG denies occurred, would not have been willful or knowing.

**SIXTEENTH DEFENSE**

AAG is not vicariously liable to Plaintiff or members of any purported class for any calls by a third-party which were not ratified by AAG.

**SEVENTEENTH DEFENSE**

AAG reserves the right to raise additional affirmative defenses to which it may be entitled, or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes.  AAG reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

WHEREFORE, AAG respectfully requests that the Court deny any request for class certification, dismiss the Complaint with prejduice, and enter judgment in its favor and against Plaintiff.

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Complaint, AAG respectfully requests that:

(1) Plaintiff's claims be dismissed with prejudice in their entirety;

(2) Each and every prayer of Plaintiff's Complaint and Prayer for Relief be denied;

(3) Judgment be entered against Plaintiff and for AAG; and

(4) AAG be awarded its costs, including reasonable attorneys' fees and expenses in the amount and manner permitted by applicable law.

RESPECTFULLY SUBMITTED this 6th day of January, 2020.

                **COPPERSMITH BROCKELMAN PLC**

                By s/ *Marvin C. Ruth*
                    Marvin C. Ruth
                    *Attorneys for Defendant American Advisors Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Marvin C. Ruth*