1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Deborah Schick, | ) | No.  CV-19-05626-PHX-SPL |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER SETTING RULE 16** |
| | ) | **CASE MANAGEMENT CONFERENCE** |
| American Advisor Group Incorporated, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS ORDERED**:

## I.    Case Management Conference

A Case Management Conference is set for **February 18, 2020 at 9:30 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.

## II.    Rule 26(f) Meeting

The parties are directed to meet and confer no later than **fourteen (14) days** prior to the Case Management Conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. It is the responsibility of Plaintiff to initiate the Rule 26(f) Meeting, and the

parties shall promptly and cooperatively participate in the Rule 26(f) Meeting.

At the Rule 26(f) Meeting, the parties shall *jointly* develop and file with the Clerk of Court no later than **February 7, 2020**, each of the following in the form outlined below: (1) a Joint Rule 26(f) Case Management Report, and (2) a Joint Proposed Rule 16 Case Management Order. Requests to continue the Case Management Conference or outstanding motions will not excuse the requirement to participate in a Rule 26(f) meeting and to submit the parties' joint report and proposed order.

### III.    Joint Rule 26(f) Case Management Report

The parties' Joint Rule 26(f) Case Management Report shall contain the following information in separately numbered paragraphs:

**1.    Attendance**: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions;

**2.    Service**: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

**3.    Nature of Case**: The nature of the case, including a brief description – *three (3) pages or less* - of the principal factual disputes and legal basis of all claims and defenses;

**4.    Jurisdiction**: The jurisdictional basis for the case, citing specific statutes. *If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute*;[1]

**5.    Additions and Amendments**: Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

---

[1]    The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties (e.g., "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

**6.** **Forthcoming Motions**: A listing of contemplated motions and a statement of the issues to be decided by these motions;

**7.** **Related Cases**: The status of related cases pending before other courts or other judges of this District;

**8.** **Mandatory Initial Discovery Pilot Project ("MIDP")**:[2]

*MIDP Certification*: Certification that each party has received and reviewed both the Preliminary Order issued in this case and the Attachments to that Order which concern the MIDP;

*MIDP Compliance*: The parties' compliance to date with the MIDP, including whether the parties have exchanged their MIDP Responses;

*MIDP Issues and Disputes*: Any issues that have arisen under the MIDP and a description of those issues. If the parties seek assistance of the Court in resolving a dispute with regard to MIDP Responses, the parties shall include a statement of the dispute they wish the Court to resolve, and attach copies of the disputed disclosures to the report;

**9.** **Discovery Limitations**: Suggested changes, if any, in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil Procedure and a discussion of why such changes are proportional to the needs of this case;

**10.** **Electronically Stored Information**: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced;

**11.** **Request for Jury Trial**: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute;

---

[2] This case is subject to the MIDP. The General Order, as well as a Notice, Checklist, and Users' Manual are attached to this Court's Preliminary Order, and may also be found online at the District of Arizona's Website or the Federal Judicial Center's Website. It is the responsibility of the parties to carefully read the Court's Preliminary Order and the materials attached to it to ensure familiarity and full compliance with the requirements of the MIDP.

**12.   Trial**: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

**13.   Expedited Trial Alternative**: Certification that counsel for each party has discussed with his or her client, or each *pro se* litigant has considered, the expedited trial alternative;[3]

**14.   Consent to Magistrate Judge**: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c);

**15.   Settlement**: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference, or whether the case is suitable for an alternative method of dispute resolution;

**16.   Modified Procedures**: Suggested modification of pretrial procedures due to the nature of the case, for example:

*ERISA Action*: If the parties jointly agree to resolve an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, through cross briefing, in lieu of filing the attached Joint Proposed Rule 16 Case Management Order, the parties shall propose a deadline for each of the following:

(a)   Initial disclosures;

(b)   Completion of disclosure of materials that either party contends should be considered as part of the record on review;

(c)   Filing of the Administrative Record;

(d)   Filing of Plaintiff's Opening Brief;

(e)   Filing of Defendant's Response Brief;

(f)   Filing of Plaintiff's Reply Brief; and

---

[3]   *Expedited Trial Alternative*: The parties may elect to take this case directly to trial, whether jury or bench trial. An expedited trial will be held in this case if *all* parties agree to such a trial. If the parties elect to proceed to an expedited trial, no formal discovery or motion practice will occur and a Final Pretrial Conference will be scheduled. Counsel for each party must discuss this expedited trial alternative with his or her client. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (1) an estimate of the cost if an expedited trial is elected, and (2) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur.

(g)  Completion of Good Faith Settlement Talks;

***Class Action***: If either party is presenting their case as a class action, the parties shall propose a deadline for each of the following:

(a)  Completion of class certification discovery;

(b)  Filing of any motion for class certification and responsive briefing;

(c)  Filing of any motion for class decertification and responsive briefing;

***Patent Action***: If either party believes a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) will be necessary, the parties shall propose a deadline for each of the following:

(a)  Disclosure of asserted claims and infringement contentions;

(b)  Exchange of proposed claim constructions;

(c)  Filing of joint claim construction statement;

(d)  Disclosure of experts intended to be used at the *Markman* hearing;

(e)  Filing of Opening Claim Construction Brief;

(f)  Filing of Responsive Claim Construction Brief; and

**17.**   **Additional Matters**: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

///

///

///

///

///

///

///

///

///

///

///

**IV.    Joint Proposed Rule 16 Case Management Order**

A fillable Joint Proposed Rule 16 Case Management Order has been attached to this Order. The parties shall carefully review, complete, and file the attached Order, providing the specific dates jointly proposed by the parties for the following deadlines (where indicated): amendment of pleadings and joining parties; MIDP responses; production of ESI; completion of discovery; completion of expert disclosures; completion of expert depositions; filing of dispositive motions; and completion of good faith settlement talks. If the parties are unable to agree regarding specific deadlines, both proposed dates shall be included in the proposed order.[4]

Dated this 8th day of January, 2020.

Honorable Steven P. Logan
United States District Judge

---

[4]    *Example:* "Dispositive motions shall be filed no later than 1/1/18 (Plaintiffs), 1/2/18 (Defendants)."

6