Marvin C. Ruth (024220)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T:  (602) 224-0999
F:  (602) 224-6020
mruth@cblawyers.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>American Advisor Group, Inc., a California corporation,<br><br>Defendant. | No. 2:19-cv-05626-SPL<br><br>**DEFENDANT AMERICAN ADVISORS GROUP'S MOTION TO TRANSFER CASE PURSUANT TO THE FIRST-TO FILE RULE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 2:19-CV-01341-MJH** |

Defendant American Advisors Group ("American Advisors" or "Defendant"), by and through its undersigned counsel, files this Motion to Transfer pursuant to the First-to-File Rule to the United States District Court for the Western District of Pennsylvania, 2:19-cv-01341-MJH, captioned "*Stewart Abramson, individually and on behalf of a class of all persons and entities similarly situated, Plaintiff vs. American Advisors Group, Inc., Defendant.*"

## **INTRODUCTION**

American Advisors seeks to transfer the pending litigation to the Western District of Pennsylvania because it is duplicative of an action already pending there.  More than three weeks before this purported class action was filed, a different plaintiff, Stewart

{00480255.1 }

Abramson ("Abramson"), filed a putative class action against American Advisors alleging claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("the TCPA"), the exact same claims at issue in this class action. Both purported class actions involve substantially similar parties and issues, arising during the same relevant time period, and based on the factual allegations in the complaints, the plaintiffs would invariably fall into each other's proposed class definitions. Therefore, under the first-to-file Rule and consistent with considerations of judicial economy (and the avoidance of judicial inconsistency), the Court should transfer this case to the United States District Court for the Western District of Pennsylvania, where the first TCPA class action was filed by Abramson.

## BACKGROUND

Plaintiff Deborah Schick ("Schick") filed this purported class action on November 14, 2019, alleging violations of the TCPA. *See Compl.* (ECF No. 1). In particular, Schick alleges that American Advisors violated the TCPA by making telemarketing calls to her cellular phone without her prior express written consent in September and October 2019, via automatic dialing equipment and using a prerecorded voice or message. *Id.* at ¶¶ 19-23. Schick brings the action on behalf of herself and similarly situated individuals and proposes two nationwide subclasses defined as follows:

> Prerecorded No Consent Class: All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

> Autodialed No Consent Class: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express

>consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

*Id.* Schick brings claims under Section 227(b)(1)(A)(iii) of the TCPA on behalf of the purported classes.

Despite being a serial litigant regarding TCPA issues, Schick was not the first to file a putative class action against American Advisors for alleged violations of the TCPA. Rather, on October 18, 2019, nearly a month before this case was filed, Abramson had already filed a purported class action against American Advisors in the United States District Court for the Western District of Pennsylvania, captioned: *Stewart Abramson v. American Advisors Group, Inc.*, Case No. 2:19-cv-1341-MJH (the "First Filed Action").[1] In the First Filed Action, Abramson alleges violations of the TCPA exceptionally similar to those advanced by Schick, for both prerecorded and autodialed calls placed to him in April and September 2019, and proposes the following nationwide class:

>All persons within the United States to whom: (a) American Advisors Group and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential or cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

*See* Ex. A, at ¶ 37.

As does Schick, Abramson brings a claim under Section 227(b)(1)(A)(iii) of the TCPA on behalf of the purported class.  Thus, both plaintiffs allege that non-emergency autodialed and prerecorded calls were made to the putative class members during the same four-year period.  Given the striking similarity between the lawsuits and the obvious, extensive overlap in the proposed classes, American Advisors asked Schick's counsel if he would withdraw the instant Complaint or consent to a transfer of this case to the Western District of Pennsylvania with the First Filed Action; but Schick did not

---

[1] A true and correct copy of the Complaint in the First Filed Action is attached hereto as Exhibit A.

agree.[2]  Accordingly, in the interest of judicial economy and to avoid potentially inconsistent judicial decisions, American Advisors asks the Court to grant this motion and transfer this action to the Western District of Pennsylvania pursuant to the first-to-file rule.

## ARGUMENT

When two actions involving the same parties and issues are filed in federal courts of concurrent jurisdiction, the "first-to-file" rule applies, giving the second court discretion to "transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Medical Ct. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  "The first-to-file rule is a generally recognized doctrine of federal comity permitting a district court to decline jurisdiction over an action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292-93 (N.D. Cal. 2013) (internal citations omitted).  "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments," and therefore "should not be disregarded lightly." *Id.*

"In applying the first-to-file rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 625 (9th Cir. 1991); *Bashiri v. Sadler*, No. CV 07-2268-PHX-JAT, 2008 WL 2561910, at *1 (D. Ariz. June 25, 2008).  If the first-filed rule applies, "the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case." *Bashiri,* 2008 WL 2561910, at *1. Here, all three factors are easily satisfied; therefore, the Court should transfer the case to

---

[2] Worth noting is the fact that counsel for Abramson in the First Filed Action is Anthony Paronich –  the very same attorney who represents Schick in several other TCPA putative class action cases pending in this district, including *Schick v. Resolute Bank et al.*, case no. 2:19-CV-02218 and *Schick v. Compass Lending Corp.,* case no. CV-19-01736-PHX-JJT, as well as in *Schick v. SelectQuote Insurance Services*, case no. 3:19-cv-04902, pending in the District Court for the Northern District of California.

the United States District Court for the Western District of Pennsylvania, where the First Filed Action is pending.

### A. All Three Factors for Transfer are Satisfied.

#### i. Chronology of Actions

Chronology is the first consideration when applying the first-to-file rule. *Red Equip. Pte Ltd. v. BSE Tech*, LLC, No. 2:13-CV-1003-HRH, 2013 WL 12235926, at *2 (D. Ariz. Aug. 9, 2013) (internal quotations omitted) ("The first threshold factor requires that one action be filed meaningfully prior to the other."). Here, it is indisputable that Abramson filed his lawsuit in the Western District of Pennsylvania on October 18, 2019 and that Schick filed the instant lawsuit on November 14, 2019. *Compare* Compl. *with* Ex. A. Thus, Abramson's suit was filed first and the first threshold factor for transfer is met. *See Red Equip. Pte Ltd.*, 2013 WL 12235926, at *2 ("Twenty days [between the filing of the first and second actions] is a meaningful difference."); *Wallerstein*, 967 F. Supp. 2d at 1294 (finding first factor regarding chronology of actions was satisfied when first action was filed over three weeks prior to second action).

#### ii. Similarity of the Parties

"The second factor considered is whether the parties in each case are similar." *Wallerstein*, 967 F. Supp. 2d at 1295. "Courts have held that 'the first-to-file rule does not require strict identity of the parties, but rather substantial similarity.'" *Id.* (quoting *Adoma v. Univ. of Phoenix*, 711 F. Supp.2d 1142, 1147 (E.D. Cal. 2010)). When the two actions at issue are purported class actions, "[c]ourts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent ***at least some of the same individuals***." *Id.* at 1296 (emphasis supplied). In other words, it is not necessary that the classes in both actions are fully identical for the second factor to be met. *See id.*

Here, the parties in the two actions are substantially similar. American Advisors is the defendant in each case, and both plaintiffs seek relief on behalf of a putative nationwide class for the same violations of the TCPA. In particular, in the First Filed Action, Abramson proposes the following class:

> All persons within the United States to whom: (a) American Advisors Group and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their **residential** or **cellular** telephone number; (c) using an **artificial** or **prerecorded** voice; and (d) at any time in the period that begins **four** years before the date of the filing of this Complaint to trial.

*See* Ex. A, at ¶ 37 (emphasis added). Abramson asserts in his Complaint that American Advisors did not have prior express written consent to place calls to him or to class members. *Id.* at ¶ 42. Similarly, in this action, Schick seeks to represent two subclasses, both of which are nationwide classes consisting of persons who have been called by American Advisors (or a third person acting on behalf of American Advisors) in the four years prior to the filing of the Complaint. Compl. at ¶ 28. In particular, the two classes she seeks to represent are:

> **Prerecorded** No Consent Class: All persons in the United States from **four** years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made **prerecorded** calls, (2) to the person's **cellular** telephone or **residential** telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.
>
> **Autodialed** No Consent Class: All persons in the United States who (1) from the date **four** years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's **cellphone**; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

*Id.* (emphasis added).

Accordingly, even though the proposed classes in the pending action are marginally broader than in the First Filed Action (because Abramson does not

1  incorporate the use of an "autodialer" or "ATDS" in his class definition) both Schick
2  and Abramson seek to represent very many of the exact same consumers, *i.e.*, individuals
3  whom American Advisors (or a third party acting on its behalf) called using an artificial
4  or prerecorded voice. *See Wallerstein*, 967 F. Supp. 2d at 1296 (granting motion to
5  transfer where "at least some of the same individuals" were included in both competing
6  putative classes).  In addition, Abramson <u>does</u> allege the use of an autodialer elsewhere
7  in his Complaint, which suggests that the pending claim may, in fact, be entirely
8  duplicative of the First Filed Action. Indeed, the specific statutory section at issue (47
9  U.S.C. Sec. 227(b)(1)) encompasses both prohibitions on usage of an ATDS *and* pre-
10 recorded/artificial voices, absent consent.  This is plainly sufficient to satisfy the second
11 factor for transfer.  *See id.* (finding second factor satisfied even though the first-filed
12 action sought to represent a potentially larger class); *Hill v. Robert's Am. Gourmet Food,*
13 *LLC*, No. 13-CV-00696-YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013)
14 (finding substantial similarities existed between the parties when both actions would
15 represent a California class of consumers, even though the plaintiff in the first filed
16 action sought to represent a larger and broader class); *Red v. Unilever United States,*
17 *Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010)
18 (transferring case under first-to-file rule even though the class in the second-filed action
19 was broader, because the first filed action would include a large number of the same
20 consumers).

21         Indeed, if both purported class actions were certified, "each class representative
22 could become a member of the other lawsuit's nationwide class" since both plaintiffs
23 claim that they were called by way of a prerecorded voice—someone named James—on
24 their cell phones. *See* Ex. A, ¶¶ 24-28; Compl., ¶¶ 19-22; *see also, Wallerstein*, 967 F.
25 Supp. 2d at 1296; *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL
26 8147135, at *3 (N.D. Cal. Sept. 12, 2012) (finding that "the parties are effectively the
27 same" when the putative class in the first filed action would include the plaintiff in the
28

second action). Accordingly, the second threshold factor for transfer—similarity of the parties—is satisfied.

### iii. Similarity of the Issues

"The final factor considered is whether both actions involve similar issues." *Wallerstein*, 967 F. Supp. 2d at 1296. Just as with the second factor, [c]ourts have held that the issues in the two actions must be *substantially similar*, rather than identical." *Id.* (emphasis in original). Similarly, "the rule can apply even if the later-filed action brings additional claims." *Schwartz*, 2012 WL 8147135, at *3. Here, the core issue in both cases is whether American Advisors (directly or through a third party acting on its behalf) violated the TCPA by placing calls to persons without prior express consent. Indeed, Schick and Abramson have nearly identical factual allegations in that they both allege that they received prerecorded calls from a "James" about reverse mortgages on their cell phones, during the same time period, from the same phone number. *See* Ex. A, ¶¶ 24-28; Compl., ¶¶ 19-22. Both cases also involve the same third-party vendor used by American Advisors, the consent obtained by that third-party, and the issue of whether American Advisors can be held vicariously liable for calls placed by that singular vendor. Moreover, even though this action also raises a class issue with respect to autodialed calls (in addition to prerecorded calls), Abramson does allege the use of an autodialer elsewhere in his Complaint. *See* Ex. A, ¶¶ 21-22, 40. Thus, the claims and issues are so closely related, that they are more than sufficient to satisfy the third and final factor of the first-to-file rule. *See Schwartz*, 2012 WL 8147135, at *3.

**B.** **The Case Should be Transferred to the Western District of Pennsylvania.**

Given that the three threshold factors have been satisfied, the Court should transfer this action to the Western District of Pennsylvania. *See Wallerstein*, 967 F. Supp. 2d at 1296. While there are some exceptions to the first-to-file rule, such as "when the first-filed action was filed in bad faith, was an anticipatory suit, or was filed as part of forum shopping" or for the "balance of convenience," *Red Equip. Pte Ltd.*,

2013 WL 12235926, at *3, none of those are at-issue here.  Moreover, to the extent that Schick would raise any of these exceptions, the court in the First Filed Action—not this action—should decide whether there is an exception to the first-to-file rule. *Id*.  The transfer would promote judicial efficiency, as both cases would likely be consolidated, resulting in judicial economy and consistency of results. *See Red*, 2010 WL 11515197, at *6-7 (finding that the similarities between the two class actions were "more significant" that the differences and therefore it was "essential to avoid any risk of inconsistent rulings on class action issues, such as composition of classes and sub-classes, and issues of preemption, abstention, and other common legal issues"); *Byerson v. Equifax Information Services, LLC*, 467 F. Supp.2d 627, 636 (E.D. Va. 2006) ("It is thus preferable that one court assess the factors that point to factual and legal overlap and sort out the class action issues that will arise in each of the related actions. In that way, the rights of all potential class members can be fully protected and the responsibility of defendants vis-à-vis the putative class members can be properly identified and allocated.").

## CONCLUSION

For the foregoing reasons, American Advisors respectfully requests that the Court now transfer this case to the Western District of Pennsylvania pursuant to the First-to-File Rule.

RESPECTFULLY SUBMITTED this 21st day of January, 2020.

**COPPERSMITH BROCKELMAN PLC**

By  s/ *Marvin C. Ruth*
    Marvin C. Ruth
    *Attorneys for Defendant American Advisors Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Verna Colwell*