Penny L Koepke
Maxwell & Morgan PC
4854 E. Baseline Rd., Suite 104
Mesa, Arizona 85206
Fax: 480-969-8267
Email: pkoepke@hoalaw.biz
Phone: 480-833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Alleged Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>American Advisor Group, Inc., a California corporation,<br><br>Defendant. | Case No. 2:19-cv-05626-SPL<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER** |

Plaintiff Deborah Schick ("Plaintiff" or "Schick"), by and through her counsel, Woodrow & Peluso, LLC, hereby responds in opposition to Defendant American Advisors Group, Inc.'s ("Defendant" or "AAG") Motion to Transfer the Case to the United States District Court for the Western District of Pennsylvania, filed on January 21, 2020. (Dkt. 14.)

**INTRODUCTION**

Defendant seeks to transfer this action to the Western District of Pennsylvania as a function of the "first-to-file" rule, arguing that Plaintiff's Complaint is "duplicative" and contains "the exact same claims" as a case previously filed against AAG by a different plaintiff, Stewart Abramson. But

1

transfer under the first-to-file doctrine, which is a discretionary matter, is inappropriate here. Though one of Plaintiff's proposed classes may have some overlap with the purported class in Abramson's complaint, her complaint is not subsumed by Abramson's pleadings—Plaintiff has alleged a second class based on autodialed calls, which are not at issue in the Abramson action. Further, a class has not yet been certified in either case, leaving membership and similarity of parties uncertain. Finally, transfer of the present action to the Western District of Pennsylvania would be inconvenient for both Schick and AAG: neither named party, nor the evidence to support their claims and defenses, bears any temporal relation to Pennsylvania. Accordingly, the Court should deny Defendant's motion and permit the present matter to proceed in the District of Arizona.

## BACKGROUND

On November 14, 2019, Plaintiff filed a class action Complaint against AAG, alleging serial violations of the Telephone Consumer Protection Act ("TCPA"), through the making of both prerecorded and autodialed telemarketing calls. (Dkt. 1.) Plaintiff's claims were brought on behalf of herself and two proposed classes of individuals, defined in the Complaint as follows:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.
>
> **Autodialed No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims obtained prior express consent to call Plaintiff.

(*Id.* ¶ 28.) Both claims arise from Section 227 of the TCPA, but they involve distinct facts and issues that must be proven—namely whether phone calls were prerecorded (as to the Prerecorded No Consent Class) and whether the equipment used to make calls qualifies as an automatic telephone dialing system ("ATDS") under the TCPA (as to the Autodialed No Consent Class). (*See id.* ¶ 31.)

In its present motion, AAG introduces a complaint filed by Stewart Abramson ("Abramson") in the District Court for the Western District of Pennsylvania. (Dkt. 14-1.) The Abramson complaint, filed on October 18, 2019, also alleges violation of the TCPA, on behalf of just one class of individuals and based only on prerecorded calls—Abramson defines his class as follows:

> All persons within the United States to whom: (a) American Advisors Group and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential or cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

(*Id.* ¶ 37.) Notably, Abramson does not separately allege autodialed calls, and he does not seek to certify a class of individuals who received autodialed calls—indeed, because his class is limited to prerecorded calls, Abramson's case will not require proof of any ATDS. Additionally, Abramson's proposed class is defined without any reference to the supposed consent provided by consumers. (*See id.*) By contrast, the manner of any consent claimed by AAG is a key component of both classes proposed by Schick. (Dkt. 1, at ¶ 28.)

## **ARGUMENT**

Despite Defendant's assertion that the present case is duplicative of, or features the "exact same claims" as, Abramson's lawsuit, the facts don't support transfer under the first-to-file rule. (*See* Dkt. 14, at 2.) Abramson may have filed

1  his complaint prior to Plaintiff, but he does not seek to certify the same classes of
2  individuals, and his claims do not involve the same legal issues. Further, the
3  balance of convenience weighs in favor of maintaining Plaintiff's suit in this
4  District. Transfer under the first-to-file rule is discretionary, and the case for doing
5  so here is not as clear as Defendant presents. Accordingly, the Court should deny
6  AAG's motion and permit the case to proceed.

      **A.**    **The First-to-File Doctrine**

8  The "first-to-file" rule is a doctrine of federal comity that "permits" a district
9  court to decline jurisdiction over an action if "a complaint involving the same
10 parties and issues has already been filed in another district." *Pacesetter Systems,*
11 *Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Adoma v. Univ. of*
12 *Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (quoting *Pacesetter*).
13 "The most basic aspect of the first-to-file rule is that it is discretionary . . ."
14 *Alltrade, Inc. v. Uniweld Product, Inc.*, 946 F.2d 622 (9th Cir. 1991). Courts may
15 choose to dispense with the rule for reasons of equity: it is "not a rigid or inflexible
16 rule to be mechanically applied". *Id.*; *Pacesetter*, 678 F.2d at 95.

17 As Defendant correctly states, the three factors analyzed when considering
18 application of the first-to-file principle are: (1) the chronology of the actions; (2)
19 similarity of the parties; and (3) similarity of the issues. *Bashiri v. Sadler*, No. CV
20 07-2268-PHX-JAT, 2008 WL 2561910, at *1 (D. Ariz. June 25, 2008); *Adoma*,
21 711 F. Supp. 2d at 1146 (citing *Alltrade*, 946 F.2d at 625–26). AAG contends that
22 each of these factors is "easily satisfied," but that is not the case. (Dkt. 14, at 4.)

23 With regard to the first factor, chronology, Plaintiff does not dispute that
24 Abramson filed his complaint before she did. However, the remaining factors are
25 not sufficiently satisfied to warrant transfer of this case to the Western District of
26 Pennsylvania.

4

1  The second factor, similarity of parties, is where AAG's motion first gets it
2  wrong. While this factor does not require strict identity, the parties must be
3  "substantially similar." *Adoma*, 711 F. Supp. 2d, at 1147. In traditional cases, this
4  standard prevents parties from unnecessarily adding a party to case arising from
5  the same transaction in order to defeat similarity. *See Bashiri*, 2008 WL 2561910,
6  at *2. In class actions, however, the analysis changes—it is the classes, rather than
7  the named representatives, that are compared. *Adoma*, 711 F. Supp. 2d at 1147;
8  *Red v. Unilever U.S., Inc.*, No. 09-07855 MMM (AGRx), 2010 WL 11515197, at
9  *4 (C.D. Cal. Jan. 25, 2010).

10  As a preliminary consideration, some courts have adopted the approach that
11  comparison of the classes is not appropriate until a class has been certified. *See*
12  *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal.
13  2013) (citing *Lac Anh Le v. PricewaterhouseCoopers LLP*, No. C-07-5476 MMC,
14  2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008)); *Hill v. Robert's Am. Gourmet*
15  *Food, LLC*, No. 13-cv-00696-YGR, 2013 WL 3476801, at *3 (N.D. Cal. July 10,
16  2013) (same). This standard recognizes the uncertainty of class membership and
17  the malleability of class definitions, which often change after appropriate
18  discovery. Under such an approach, AAG's motion would be premature—and
19  similarity would not be found—because class certification has not yet occurred in
20  either case.

21  The more widely-accepted approach is that proposed classes may be
22  compared for similarity before certification occurs. *See, e.g.*, *Adoma*, 711 F. Supp.
23  2d at 1147–48; *Hill*, 2013 WL 3476801, at *3. However, even if compared now,
24  Plaintiff's proposed classes are not substantially similar to warrant transfer of her
25  case. While Abramson alleged a single class of individuals who received
26  prerecorded calls, Plaintiff has alleged two classes: one of those who received

5

prerecorded calls, and one of those who received autodialed calls. (*Compare* Dkt. 14-1, at ¶ 37, *with* Dkt. 1, at ¶ 28.) These are two different technologies. Further, Plaintiff's classes are tailored to those for whom Defendant claims it obtained consent in the same manner that it supposedly obtained consent to call Plaintiff— no such parameter appears in Abramson's class definition. (*Id.*) Though there may be some overlap between Abramson's class and *one* of Plaintiff's classes, the proposed classes are not substantially similar.[1]

      Defendant cites to a number of class actions wherein the second factor was satisfied, but they are distinguishable. (*See* Dkt. 14, at 7.) In both *Wallerstein* and *Hill*, the classes alleged in the second-filed complaints were smaller than, and therefore subsumed by, the prior proposed class. *See Wallerstein*, 967 F. Supp. 2d at 1296; *Hill*, 2013 WL 3476801, at *4; *see also Sandusky Wellness Center, LLC v. Alere Home Monitoring, Inc.*, No. C 18-04869 WHA, 2018 WL 6591657, at *1 (N.D. Cal. Dec. 14, 2018) (finding that the class alleged in the prior complaint "subsumes the putative class alleged here"). In *Red*, the second complaint included an additional claim, but it was based on identical allegations and therefore did not entail a larger class. *Red*, 2010 WL 11515197, at *5. Here, on the other hand, Plaintiff's autodialed class is not subsumed in Abramson's proposed class— indeed, it is based on a challenge to a different form of unlawful calling. Thus, Plaintiff has proposed a class entirely distinct from the class alleged by Abramson. Accordingly, the parties are not substantially similar to support application of the first-to-file doctrine.

---

[1] Defendant cites to a peculiar statement in *Wallerstein* and *Adoma* that substantial similarity requires only that "both classes seek to represent at least some of the same individuals." (Dkt. 14, at 5.) This standard should not be adopted, as it completely defies the requirement that similarity be *substantial*—among other reasons, under such a standard "at least some" could mean only a handful of people in classes numbering in the tens of thousands or more.

6

The third factor, similarity of issues, is likewise not "easily satisfied." Though Plaintiff and Abramson allege violations of the same statute, the facts and issues underlying those claims are markedly different. Abramson's complaint and proposed class is limited to prerecorded message calls. (Dkt. 14-1, at ¶ 37.) Though he may have referred to the use of an automated system to place the calls, his case will not require proof or analysis of the dialing system employed by AAG— whether calls featured recorded messages and whether the technology used to make the calls qualifies as an autodialer are distinct questions to litigate, and only the former is implicated by Abramson's complaint. (*Id.*); s*ee also* 47 U.S.C. § 227(b)(1)(A), (b)(1)(B).

Just as in the analysis of the parties, the issues arising from Plaintiff's complaint are not subsumed by Abramson's complaint. In other words, transfer of the present action to the Western District of Pennsylvania would entail the presentation of new parties and issues, rather than a mere consolidation of parties and issues that are substantially similar. As a result, AAG's motion should be denied.

### B. The Balance of Convenience

Aside from the consideration of the first-to-file factors, the Court should consider the balance of convenience in permitting the case to proceed in the District of Arizona. In short, transfer to the Western District of Pennsylvania would not serve convenience for Plaintiff or Defendant.

As outlined above, the first-to-file doctrine is not rigidly applied—its application is discretionary. *Alltrade*, 946 F.2d at 622. Exceptions are typically made in cases of bad faith, anticipatory suit, and forum shopping. *Id.* at 628. Another exception is when "the balance of convenience weighs in favor of the later-filed action." *Bashiri*, 2008 WL 2561910, at *1 (quoting *Ward v. Follett*

1  *Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). The factors in a convenience
2  analysis include plaintiff's choice of forum, convenience of the parties and
3  witnesses, ease of access to sources of proof, local interest in the controversy, and
4  familiarity of the forums with the law. *Ruff v. Del Monte Corp.*, Nos. C 12-05251
5  JSW, C 12-05323 JSW, 2013 WL 1435230, at *4 (N.D. Cal. Apr. 9, 2013).

      Though convenience would normally be addressed to the court in the first-filed action, it is relevant to the court in the second-filed action in appropriate cases, such as when the named parties involved are not present in both actions. *See Pacesetter*, 678 F.2d at 96; *see also Horner v. Youghiogheny Communications, LLC*, No. CV 05-3800-PHX-NVW, 2006 WL 1328803, at *6 (D. Ariz. May 12, 2006); *TWD, LLC v. Grunt Style LLC*, No. 18-cv-532-GPC-BLM, 2018 WL 9536737, at *3 (S.D. Cal. July 30, 2018). Further, there is no case law to suggest that the court of the second-filed case *cannot* consider convenience—rather, it is not required to duplicate an inquiry conducted by the other court. *TWD*, 2018 WL 9536737, at *3; *Pacesetter*, 678 F.2d at 96–97. Here, it is appropriate for the Court to address the balance of convenience, particularly because Plaintiff is not a party to the Abramson action and cannot raise such arguments to the Western District of Pennsylvania.

      The first four convenience factors weigh in favor of denying AAG's motion. First, Plaintiff's choice of forum is not insignificant: she is a resident of this District. (Dkt. 1, at 6.) Though of less weight in Federal District Courts, Plaintiff's residence creates a local interest in resolving her controversy. Likewise, convenience of the parties and witnesses, as well as ease of access to sources of proof, are better served in the District of Arizona. Plaintiff resides in the District, and her harm was suffered as a result of conduct directed into this District. (*Id.* ¶ 9.) AAG's headquarters in Orange, California, is also decidedly closer to this Court

than it is to the Western District of Pennsylvania. (*See id.* ¶ 7.) Sources of proof are most likely to be in California and Arizona, both of which are nearer to the District of Arizona. The remaining factors, such as familiarity with the law, are likely neutral between the District of Arizona and the Western District of Pennsylvania, as this case involves a federal law that the Courts are equally capable of interpreting.

The balance of convenience weighs in favor of permitting Plaintiff's case to proceed in this Court. The Court should recognize this exception to the first-to-file principle and deny Defendant's motion to transfer.

## CONCLUSION

AAG's motion to transfer this case to the Western District of Pennsylvania should be denied. The classes proposed by Plaintiff, and the issues involved in her claims, are not substantially similar and are not subsumed by those in the Abramson complaint such that the first-to-file rule should apply. Further, the balance of convenience favors honoring Plaintiff's choice of forum rather than exporting the case to a District Court farther from the parties, witnesses, and evidence. Accordingly, Plaintiff asks the Court to deny Defendant's motion and to grant any further relief it may deem necessary and just.

Respectfully submitted,

Dated: February 4, 2020

Deborah Schick, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
     One of Plaintiff's Attorneys

Penny L Koepke
Maxwell & Morgan PC
4854 E Baseline Rd., Suite 104
Mesa, Arizona 85206

Fax: 480-969-8267
Email: pkoepke@hoalaw.biz
Phone: 480-833-1001

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class
* *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

                                        /s/ Patrick H. Peluso